7348

KELLY v. UNITED STATES HEALTH AND ACCIDENT INSUR-
ANCE CO.

1. INSURANCE—WAIVER.—Evidence tending to show waiver of non-liability for a limited amount is not applicable on the issue of waiver of all nonliability in absence of showing of knowledge by insurance company at time of first act, of facts on which all nonliability is based.

2. IBID.—WARRANTY—BURDEN OF PROOF.—When breach of a warranty has been admitted, defendant is not required to show breach by preponderance of evidence.

Before ————, J., Chesterfield, ————.

Action by M. C. Kelly against United States Health and Accident Insurance Company. From judgment for plaintiff, defendant appeals.

*Messrs. Stevenson & Matheson,* for appellant, cite: *Failure of insured to make full disclosure avoids policy:* 3 Cooley on Ins., 207, 296; 1 May on Ins., 630; 61 S. C., 342; 106 N. W., 860; 64 At. R., 1107; 81 S. W., 340; 87 N. Y., 821; 53 S. E., 354; 78 S. C., 440; 54 S. C., 371. *Jumping from moving train is obvious risk of danger:* 46 S. C., 547; 83 S. W., 276; 80 Ga., 541; 104 Mich., 634; 65 S. W., 236; 15 Blatch., 216; 78 Fed., 754; 36 L. R. A., 52.

*Mr. W. P. Pollock,* contra.

October 28, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The plaintiff recovered judgment for $500, the full amount of an accident insurance policy. The application signed by the insured represented and warranted as true the following statements, set out in defendant's second defense: That he was 53 years of age; that his habits of life were temperate and correct; that he had not had any medical or surgical treatment during the past five years; that he was not subject to, had not then, nor had ever had any disease or infirmity, mental, physical, nervous, venereal, chronic, or inherited, except as therein stated. The policy also provided that, in the event of injury, fatal or otherwise, from any of the following causes, the company should be liable for only one-fifth of the full amount: (1) Exposure to obvious risk; (2) injuries received while under the influence of intoxicants or narcotics; or (3) while violating the rules of a corporation, or public carrier, for the safety of its passengers; or (4) injuries resulting wholly or partially, directly or indirectly, from rheumatism, and a number of other diseases mentioned.

While stepping from a slowly moving train the insured was thrown and fell, and sustained injuries resulting in his death.

Proofs of loss under the policy were submitted to the company by the plaintiff, who was beneficiary under the

policy. The company took the position that the insured had been injured (1) while exposing himself to obvious risks or danger, while violating the rules of a public carrier for the safety of its passengers; (2) that his injuries were due, partly or wholly, directly or indirectly, to bodily infirmity, or the diseased condition of his body; and (3) that he was, at the time of the injury, under the influence of an intoxicant. The company contended, therefore, that it was liable, under the terms of the policy, for only one-fifth of the full amount, and sent the plaintiff a draft for $100, which was returned to the company by the plaintiff's attorney, and this action was brought to recover the full amount of the policy.

At the trial plaintiff's attorney admitted, on the record, that the warranties set out in the second defense, as above stated, were untrue, and the defendant admitted that the death of the plaintiff's intestate (the insured) was not due to sickness or his bad physical condition, but solely to the accident, and agreed that no proof of the said defenses would be required.

By the terms of the policy it was avoided, if the statements in the application, which were warranted to be true, were false.

The plaintiff relied upon the alleged waiver of the company in offering to pay and tendering a draft for $100, one-fifth of the full amount of the policy.

The Circuit Judge, notwithstanding the admission of the plaintiff's attorney, on the record, charged the jury that the burden was on the defendant to prove the breach of the warranties alleged, by the preponderance of the evidence.

Waiver is the voluntary relinquishment of a known right. In this case the burden of proving waiver was upon the plaintiff. The offer to pay one-fifth of the full amount, with knowledge of the facts, constituted some evidence of waiver as to a defense going to liability for that amount. But there was no evidence tending to show that, when that offer was made, the defendant knew of the falsity of the

warranties, which, by the terms of the policy, avoided it. Therefore, it was error to charge that the evidence tending to show waiver as to the defenses for the one-fifth was applicable to the second defense, which went to the validity of the policy.

It was also error to charge that the defendant must prove the breach of warranties by the preponderance of the evidence, when the breach had been admitted.

Judgment reversed.